UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN BUSTILLOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HERNANDEZ, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01365-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 11) |

　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

　　　Plaintiff's complaint in this action was filed on September 18, 2023. (ECF No. 1.)

　　　On October 30, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

　　　Plaintiff failed to file an amended complaint or otherwise respond to the October 30, 2023 order. Therefore, on December 11, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 11.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

1

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names officer Cabrillo, officer Hernandez, sergeant Castillo and sergeant Sanchez, as Defendants.

Plaintiff alleges as follows:

> Handcuffed behind back by a C.O. Cabrillo and C.O. Hernandez and brutally beaten with batons and closed firsts and told "who's the Bitch now!" I sustained serious injuries, ie. Broken nose and double black eyes with photos enclosed as proof. This all happened at North Kern State Prison in 2020. These officers sustained no injuries.

(ECF No. 1, Compl. at 3.)

Plaintiff seeks compensatory damages, release date back to 2024, and that all Defendants be terminated from CDCR.

## III.

## DISCUSSION

### A. Excessive Force

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Here, Plaintiff simply alleges that he was "brutally beaten with batons and closed fists" resulting in physical injury. However, the complaint is devoid of any allegations detailing the circumstances surrounding the use of force. Context is important in excessive force cases because, without such allegations, the Court cannot determine whether Defendants' use of force

1 was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting Hudson, 503 U.S. at 6). Thus, the lack of factual allegations regarding the circumstances surrounding the use of force against Plaintiff prevents a finding that Plaintiff has plausibly alleged the force used on him was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); LeMaire v. Maas, 12 F.3d 1444, 1458 (9th Cir. 1993) ("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates]."). In order to cure this pleading defect, Plaintiff must set forth facts which, if true, plausibly allege the force used against him was used maliciously and sadistically to cause him harm rather than in a good faith effort to restore discipline and quell a disturbance. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

### B. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales, 567 F.3d at 570.

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds

4

by Farmer v. Brennan, 511 U.S. 825 (1970).  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff names sergeants Castillo and Sanchez in the caption of the complaint, but he fails to set for any allegations that connect these Defendants personally to the violations alleged in the complaint.  Accordingly, Plaintiff fails to state a cognizable claim against sergeants Castillo and Sanchez.

### C. Computation of Release Date

As relief, Plaintiff seeks that his release date be recalculated back to 2024.

Generally, a plaintiff may not utilize § 1983 to challenge the legality or duration of his or her custody, or raise a constitutional challenge which could entitle him or her to an earlier release; he or she must seek such relief through a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990). Further, relief under § 1983 for an allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).  A plaintiff may utilize § 1983, and avoid the Heck bar if he or she can allege facts that show success in the action would not necessarily spell immediate or speedier release. Wilkinson, 544 U.S. at 81 ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

Here, it appears that Plaintiff is seeking the restoration of good time credits which would entitle him to an earlier release date. Thus, his pursuit of the return of his credits may not be

pursued through a § 1983 action until the underlying disciplinary conviction has been invalidated through a habeas action. Plaintiff has not pled any facts indicating his underlying disciplinary convictions have been invalidated pursuant to a successful habeas action. Accordingly, Plaintiff is not entitled to restoration of his credits under the favorable-termination doctrine set out in Heck and its progeny. See 28 U.S.C. § 2254; Wilkinson, 544 U.S. at 81-82.

### D. Termination of Employment

Plaintiff also requests that Defendants' employment by the CDCR be terminated. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Terminating Defendants' employment would not remedy the past violation of Plaintiff's constitutional rights, and therefore is not narrowly drawn to correct the alleged past violations. Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore limited to seeking money damages for the violations of his federal rights.

### IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on October 30, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's October 30, 2023 order. Therefore, on December 11, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 11.) Plaintiff failed to respond to the December 11, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of October 30, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the

7

order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's October 30, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8.) In addition, the Court's December 11, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 11.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court

finds that this action should be dismissed for Plaintiff's failure to obey the October 30, 2023 and December 11, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 4, 2024**

UNITED STATES MAGISTRATE JUDGE

9